UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAIS YAAKOV OF SPRING VALLEY, on behalf of
itself and all others similarly situated,

               Plaintiff,

        -vs.-                              7:13 CV 4577 (KMK)

HOUGHTON MIFFLIN HARCOURT
PUBLISHERS, INC. and LAUREL KACZOR,

               Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DISCOVERY ON CLASS ISSUES**

BELLIN & ASSOCIATES LLC
Aytan Y. Bellin, Esq.
85 Miles Avenue
White Plains, New York  10606
Tel: (914) 358-5345
Fax: (212) 571-0284
Email: aytan.bellin@bellinlaw.com

Roger Furman, Esq.
7845 Henefer Avenue
Los Angeles, California 90045
Tel: (310) 568-0640
Fax: (310) 694-9083
Email:  roger.furman@yahoo.com

*Attorneys for Plaintiff and the
Proposed Classes*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT...…………………………………………………………………………………4

I.      BECAUSE A NAMED CLASS PLAINTIFF'S CLAIMS NEED ONLY PRESENT
        ISSUES OF FACT AND LAW SIMILAR TO THE ISSUES PRESENTED BY THE
        CLAIMS OF OTHER CLASS MEMBERS, PLAINTIFF IS ENTITLED TO CONDUCT
        DISCOVERY INTO ALL FAX ADS DEFENDANTS SENT DURING THE
        RELEVANT PERIOD SIMILAR TO THE FAX AD SENT TO PLAINTIFF……..……4

        A.      Rule 23's Typicality Requirement Mandates only that Plaintiff's Claims Share
                Some Common Issues of Fact and Law with the Other Class Members' Claims,
                Not that the Underlying Factual and Legal Issues be Identical…..………………4

        B.      Because Typicality Requires only Similarity of Issues, Plaintiff is Entitled to
                Conduct Discovery into All Fax Ads Defendants Sent During the Relevant
                Limitations Periods that Contained an Opt-Out Notice Substantially Similar
                to the Fax Ad that Plaintiff Received, and/or were Unsolicited…...……………..8

II.     DEFENDANTS' ALTERNATIVE ARGUMENTS FOR REFUSING TO PROVIDE
        CLASS DISCOVERY ARE PREMISED ON SPECIOUS CHARACTERIZATIONS OF
        PLEADING MATTERS ……………………………….…………………………………10

        CONCLUSION...………………………………………………………………………13

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*A Aventura Chiropractor Center, Inc. v. Med Waste Management LLC,*
No. 12-21695-CIV, 2013 WL 3463489 (S.D. Fla. July 3, 2013) .........................7

*Ambrose v. City of New York,*
623 F. Supp.2d 454 (S.D.N.Y. 2009) ..............................................12

*Bais Yaakov of Spring Valley v. Alloy, Inc.,*
936 F. Supp.2d 272 (S.D.N.Y. 2013) .............................................7

*Bell v. Money Resource Corp.,*
No. 08-639, 2009 WL 382478 (E.D. Pa. Feb. 13, 2009) .....................9

*Caridad v. Metro North Commuter Railroad,*
191 F.3d 283 (2d Cir. 1999), *cert. denied,* 529 U.S. 1107 (2000).........5

*Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.,*
586 F.2d 962 (2d Cir. 1978) .......................................................10

*Donnelly v. NCO Financial Systems, Inc.,*
263 F.R.D. 500 (N.D. Ill. 2009)....................................................9

*Garcia v. Pancho Villa's of Huntington Village, Inc.,*
281 F.R.D. 100 (E.D.N.Y. 2011) ..................................................6

*Green v. Wolf Corp.,*
406 F.2d 291 (2d Cir. 1968), *cert. denied*, 395 U.S. 977 (1969)..........5

*In re Initial Public Offerings Securities Litig.,*
471 F.3d 24 (2d Cir. 2006) ..........................................................5

*In re Subpoena Issued to Dennis Friedman,*
350 F.3d 65 (2d Cir. 2003) ..........................................................12

*Kazemi v. Payless Shoesource, Inc.,*
No. C 09-5142 MHP, 2010 WL 963225 (N.D. Cal. Mar. 16, 2010) ....9

*Landers v. Leavitt,*
232 F.R.D. 42 (D. Conn. 2005) ....................................................6

*Landsman & Funk P.C. v. Skinder-Strauss Associates,*
640 F.3d 72 (3rd Cir. 2011), *portion of opinion reinstated en banc*,
2012 WL 2052685 (3rd Cir. April 17, 2012).................................8, 9

*Lefoll v. Key Hyundai of Manchester, LLC,*
No. 3:08-cv-1593 (WWF), 2010 WL 1840220 (D. Conn. May 6, 2010).........5, 6

*Martin v. Bureau of Collection Recovery,*
No. 10 C 7725, 2011 WL 2311869 (N.D. Ill. June 13, 2011) ............9

*Nack v. Walburg,*
　715 F.3d 680 (8th Cir. 2013) ...........................................................................7

*Parker v. Time Warner Entertainment Co., L.P.,*
　331 F.3d 13 (2d Cir. 2003) ...........................................................................10

*Petrolito v. Arrow Financial Services¸ LLC,*
　221 F.R.D. 303 (D. Conn. 2004) .....................................................................6

*Robidoux v. Celani,*
　987 F.2d 931 (2d Cir. 1993) ...........................................................................5

*Rossini v. Ogilvy & Mather, Inc.,*
　798 F.2d 590 (2d Cir. 1986) ...........................................................................6

*Whiteamire Clinic, P.A., Inc. v. Quill Corp.,*
　No. 12 C 5490, 2013 WL 5348377 (N.D. Ill. Sept. 24, 2013) .........................8, 9

*Woe by Woe v. Cuomo,*
　729 F.2d 96 (2d Cir.), *cert. denied*, 469 U.S. 936 (1984) ..................................10

**Statutes**

Telephone Consumer Protection Act, 47 U.S.C. 227 ..................................... *passim*

GBL § 396-aa ................................................................................................1, 2, 7

**Federal Rules**

Federal Rule of Civil Procedure 23 .................................................................1, 4, 6

## PRELIMINARY STATEMENT

Plaintiff Bais Yaakov of Spring Valley has brought this litigation against Defendants Houghton Mifflin Harcourt Publishers, Inc. and Laurel Kaczor for violating the federal Telephone Consumer Protection Act (the "TCPA") and its New York counterpart, GBL § 396-aa, by broadcasting thousands of fax ads that (a) lacked opt-out notices compliant with the TCPA and GBL § 396-aa, and (b) were unsolicited and violate those statutes on that basis as well. Pursuant to this Court's December 13, 2013 Status Conference Order, Plaintiff submits this memorandum of law in support of its motion to compel Defendants and their third-party fax broadcaster, Westfax, Inc., to provide discovery on *all* fax ads Defendants sent during the applicable four-year limitations period that contain an opt-out notice substantially similar to the notice on the fax ad sent to Plaintiff and/or were unsolicited, not just to provide discovery on the single fax ad that Defendants sent to Plaintiff, as Defendants urge.

As demonstrated below, Defendants' effort to prevent Plaintiff from conducting discovery into all such fax ads that Defendants sent during the relevant statutory periods is based on specious characterizations of class action rules and pleading rules. First, contrary to Defendants' implication, the "typicality" requirement for certifying a class under Rule 23 of the Federal Rules of Civil Procedure does not require that the factual basis of each named plaintiff's claim be identical to that of all class members, but only that the factual issues on the plaintiffs' claims share the same "degree of centrality" with the issues on the claims asserted on behalf of the other proposed class members. Because the typicality requirement does not require such exact equivalency between the facts underlying a class plaintiff's claims and the facts underlying the claims of the rest of the class, the Plaintiff in this case has defined its three proposed classes to cover all persons to whom Defendant sent fax advertisements with certain *similar* central

1

characteristics – not just to cover those who received fax advertisements *identical* to that fax ad, as Defendants would prefer.  Those common factual characteristics – having an opt-out notice identical or substantially similar to the opt-out notice in the fax ad Plaintiff received, and/or being unsolicited – share the same degree of centrality on two fundamental legal issues in this litigation: (a) whether the opt-out notices on the fax ads Defendants sent to all class members violate the TCPA and the New York statute; and (b) whether Defendants sent those fax ads on an unsolicited basis, violating those statutes on that basis as well.

Because Plaintiff is entitled to define its proposed classes to cover recipients of fax ads that contain a substantially similar opt-out notice and/or that are unsolicited, as was the case with the fax ad Plaintiff received, Plaintiff also is fully entitled to conduct discovery into those matters, as numerous cases addressing class action discovery specifically in the context of TCPA cases have ruled.  Moreover, numerous courts have stressed that Plaintiff must be afforded the opportunity to conduct such class-wide discovery *before* the Court decides Plaintiff's class certification motion.  As those courts have recognized, by attempting to narrow the scope of permissible discovery, Defendants are improperly attempting to withhold evidence that will very likely help Plaintiff prevail on its class certification motion.

Further, Defendants have made an assortment of specious assertions on pleading matters in their effort to avoid providing Plaintiff class-wide discovery.  Defendants have repeatedly asserted, for example, that "this case concerns a *single* fax advertisement."  The truth, however, is that Plaintiff's Complaint alleges that Defendants sent out *thousands* of fax advertisements substantially similar to the fax ad Defendants sent to Plaintiff.  While Defendants further try to challenge the veracity of those allegations by complaining that Plaintiff has failed to give the specifics of those thousands of fax ads in its pleading, no such particularity requirement exists

for pleading Plaintiff's statutory claims, nor does any such lack of particularity excuse Defendants from their duty to provide discovery regarding those matters alleged in Plaintiff's Complaint.  Further, Defendants' attack on the veracity of Plaintiff's allegation that Defendants sent thousands of such fax ads is betrayed by Defendants' own documents:  not only does the content of the fax ad that Defendants sent to Plaintiff indicate that Defendants were targeting a wide audience of higher education institutions throughout the United States with its fax ad, but Defendants have since acknowledged that just on the single day when Plaintiff received Defendants' fax ad, *Defendants successfully transmitted 17,710 of the same fax ads to other persons*.

Defendants also mischaracterize the discovery Plaintiff seeks as an effort "to use discovery to determine whether there is a cause of action."  That plainly is not the case with respect to the fax ad that Plaintiff received, for which Plaintiff has pleaded specifics on how that ad lacks a compliant opt-out notice and was unsolicited, violating the TCPA and GBL 396-aa. Nor is it the case with the thousands of additional identical fax ads Defendants broadcast, as to which it is undisputed that Defendants transmitted at least 17,710 on a single day.

In short, contrary to Defendants' flippant assertion that "well settled pleading and standing rules" preclude Plaintiff from conducting discovery concerning all fax ads sent to Plaintiff's proposed classes that are substantially similar to the fax ad Plaintiff received, the broad discovery rules of the Federal Rules of Civil Procedure, as well as the decisional law applying those rules in the class action context, require that Plaintiff be permitted to conduct such discovery, and that Plaintiff be able to do so before this Court rules on its class certification motion.  Defendants' effort to avoid any discovery on these class issues is nothing more than an

effort to erect yet another baseless roadblock to prevent this action from going forward on the merits.[1]

## ARGUMENT

I.   **BECAUSE A NAMED CLASS PLAINTIFF'S CLAIMS NEED ONLY PRESENT ISSUES OF FACT AND LAW SIMILAR TO THE ISSUES PRESENTED BY THE CLAIMS OF OTHER CLASS MEMBERS, PLAINTIFF IS ENTITLED TO CONDUCT DISCOVERY INTO ALL FAX ADS DEFENDANTS SENT DURING THE RELEVANT PERIOD SIMILAR TO THE FAX AD SENT TO PLAINTIFF**

A.   **Rule 23's Typicality Requirement Mandates only that Plaintiff's Claims Share Some Common Issues of Fact and Law with the Other Class Members' Claims, Not that the Underlying Factual and Legal Issues Be Identical**

The first flaw in Defendants' effort to limit discovery to faxes identical to the single fax sent to Plaintiff is that it is premised on an overly narrow interpretation of the "typicality" requirement (and overlapping "commonality" requirement) of Rule 23 of the Federal Rules of Civil Procedure.  In the Second Circuit, as elsewhere, it is well settled that the typicality requirement "does not require that the factual background of each named plaintiff's claim be identical to that of all class members; rather, it requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class."  *Caridad v. Metro North Commuter Railroad*, 191 F.3d 283, 293 (2[d] Cir. 1999), *cert. denied*, 529 U.S. 1107 (2000)[2]; *Robidoux v. Celani*, 987 F.2d 931, 936-

---

[1] The currently pending discovery that is being thwarted (which also prevents Plaintiff from efficiently conducting required follow-up discovery, including depositions) consists of:  (a) a document subpoena that Plaintiff served on Defendants' third-party fax broadcaster, Westfax, Inc., on October 4, 2013, which Defendants have persuaded Westfax not to respond to while this discovery dispute is pending, and as to which Westfax's counsel has since alarmingly stated that "I cannot say whether Westfax will have anything relevant to your lawsuit given the time lapse"; and (b) document requests, interrogatories, and requests for admission that Plaintiff served on Defendants on January 7, 2014, which Plaintiff agreed that Defendants need not respond to on a class-wide basis until this Court decides this motion.  (Bellin Decl., Exhs. B, C, D).

[2] *In re Initial Public Offerings Securities Litig.*, 471 F.3d 24, 31, 40-42 (2[d] Cir. 2006), altered *Caridad* on other grounds not relevant to this motion.

37 (2$^d$ Cir. 1993) ("When it is alleged that the same unlawful conduct was directed at or affected both the named Plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying the individual claims.").

Courts in the Second Circuit have applied this broadly construed typicality principle in situations closely analogous to that in this case. For example, in *Green v. Wolf Corp.*, 406 F.2d 291 (2$^d$ Cir. 1968), *cert. denied*, 395 U.S. 977 (1969), the Court ruled that even though the named plaintiff purchased securities pursuant to one of three different prospectuses sent to members of the class, the existence of those different prospectuses would not defeat typicality or commonality:

> Since Green relies entirely on his purchase of shares after the third prospectus we are presented with the question as to whether he may represent those who purchased before the last prospectus was issued. . . . Because it appears that the faulted misstatements alleged in the first two prospectuses are also present in the third prospectus, it would be logical and efficient to permit Green to represent all the purchasers, at least with respect to the common misrepresentations. . . . it is sufficient for us to state that we agree with the assertion that the misstatements and omissions claimed with regard to the Tidelands Motor Inn account are common to all three prospectuses.. . . In sum, since there is a common question with regard to Tidelands, there is a common question with regard to the bulk of Green's allegations.

406 F.2d at 299-300.

Similarly, in *Lefoll v. Key Hyundai of Manchester, LLC*, No. 3:08-cv-1593 (WWF), 2010 WL 1840220, *1 (D. Conn. May 6, 2010), the named plaintiff sought certification of a class of all buyers of cars from the defendant dealer pursuant to an installment loan contract in the form provided to the plaintiff. Rejecting the defendants' argument "that the typicality requirement is not met because each class member will have a unique misprinted contract," the Court certified the class. *Id.* at **3, 5. The court found that even if the details of the loan

contracts at issue might be different for different class members, the plaintiff had shown

typicality of issues because "the alleged unlawful conduct was the same for LeFoll and the class

members, regardless of the varying facts which underlie the individual claims," and because "the

proposed class plaintiff] and the individual class members would make analogous arguments to

[prove] their claims under TILA." *Id.* at *3.[3]

     *Green* and *LeFoll* are on point to this case.  Much like the prospectuses and installment

loan contracts at issue in those cases, the fax ads Defendants sent to many thousands of

recipients during the relevant limitations period may have been different in certain respects, such

as by advertising different types of Defendants' products.  But for purposes of this class action,

Plaintiff has alleged that *all* of those fax ads contained an opt-out notice identical or substantially

similar to the opt-out notice on the fax ad Plaintiff received, and/or were unsolicited.  (Bellin

Decl., Exh. A, ¶¶ 16, 17).  Those allegations make Plaintiff's claims amply typical of (and

common to) the claims of all of the members of all three of the classes Plaintiff has alleged,

which are defined to consist of:  (A) all recipients of Defendants' fax ads during the applicable

four-year TCPA limitations period that received fax ads containing an opt-out notice identical or

---

[3] *See also Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 596-600 (2[d] Cir. 1986) (class representative claiming that she had been denied transfer at firm due to gender discrimination was proper class representative of class that included persons who alleged gender discrimination in training and promotion at firm); *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 281 F.R.D. 100, 106-07 (E.D.N.Y. 2011) (even though class representative worked at different location of Defendant than other class members, representative's claim was typical for Rule 23 purposes because she had been subject to same general employment policy as rest of class of being compelled to work more than 40 hours per week without being paid overtime); *Landers v. Leavitt*, 232 F.R.D. 42, 47 (D. Conn. 2005) (class was appropriately defined because Medicare hospital-stay policy at issue affected all class members same way even though factual details of class members' underlying claims were different); *Petrolito v. Arrow Financial Services¸ LLC*, 221 F.R.D. 303, 309-10 (D. Conn. 2004) (alleged unlawful practice of purchasing written-off debts to institute collection actions on them against class members supported class certification, notwithstanding that defendant's collection efforts after purchasing debts were not uniform as against all class members).

substantially similar to the notice on the fax ad Plaintiff received; (B) all recipients of such fax

ads who were unsolicited; and (C) all such recipients of such fax ads during the three-year

limitations period applicable to GBL § 396-aa.  (*Id.*, ¶ 20).

Not only are Plaintiff's claims typical of the claims of the three proposed classes under

this Second Circuit caselaw, but at least two federal courts outside of this Circuit have

specifically certified TCPA classes just like the proposed class A that Plaintiff has alleged in this

case.  In *Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554, 560-61, 563 (C.D. Cal. 2012), the

court found typicality and commonality, among other factors, and certified a TCPA class of all

persons to whom the defendant sent solicited or unsolicited fax advertisements during the

relevant time period containing an opt-out notice identical or substantially similar to the notice

on the fax ad the defendant had sent to the plaintiff.  Similarly, in *A Aventura Chiropractor*

*Center, Inc. v. Med Waste Management LLC*, No. 12-21695-CIV, 2013 WL 3463489, **3, 5

(S.D. Fla. July 3, 2013), the court certified a TCPA class of persons who received fax ads that

lacked opt-out notices (among other things), reasoning that "individualized inquiries are no

longer a concern as the sole issue in ascertaining class membership is whether in solicited and

unsolicited advertisements the required opt-out language was included."[4]  Accordingly, there

should be no doubt that if Plaintiff has class-wide proof that class members received fax ads

from Defendants that contained defective opt-out notices and/or were unsolicited, Plaintiff will

be able to show typicality and obtain certification of the classes it has alleged.

---

[4] *See also Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp.2d 272, 285-87 (S.D.N.Y. 2013) (ruling that TCPA creates a private right of action for violation of its opt-out notice requirements, regardless of whether fax advertisement was solicited or not); *Nack v. Walburg*, 715 F.3d 680, 684-85, 686-87 (8th Cir. 2013) (same).

**B.      Because Typicality Requires only Similarity of Issues, Plaintiff is Entitled to Conduct Discovery into All Fax Ads Defendants Sent During the Relevant Limitations Periods that Contained an Opt-Out Notice Substantially Similar to the Fax Ad that Plaintiff Received, and/or Were Unsolicited**

Because Plaintiff has every right to seek certification of classes of persons who either received fax ads with a similar defective opt-out notice, and/or who received unsolicited faxes during the relevant limitations periods, Plaintiff also has every right to conduct discovery into whether *all* of Defendants' fax ads sent during that period contained the same or a similar opt-out notice, and into whether Defendants sent *all* of those fax ads on an unsolicited basis.

Specifically in the context of TCPA class actions, the courts have held that plaintiffs are entitled to such discovery.  For example, in *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, **2, 3 (N.D. Ill. Sept. 24, 2013), a case squarely on point, the defendant had refused to provide discovery regarding "other potential plaintiffs," principally arguing that "the requests are premature because they seek information that is not necessary for the Court to determine whether a class should be certified in this action."  Flatly rejecting this argument, the Court compelled the defendant to provide discovery as to *all* other fax recipients as to whom the plaintiff sought class certification, reasoning that "the Court cannot permit Quill on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified."  *Id*. at *3.

Numerous other courts have confirmed that a defendant cannot refuse to provide class discovery while contesting class certification.  *E.g., Landsman & Funk, P.C. v. Skinder-Strauss Associates*, 640 F.3d 72, 93-94 (3rd Cir. 2011) (reversing dismissal of TCPA class actions because plaintiffs had not been permitted to conduct discovery, which was required as to certain TCPA issues before class certification could be determined), *portion of opinion reinstated en banc*, 2012 WL 2052685 (3rd Cir. April 17, 2012); *Martin v. Bureau of Collection Recovery*, No.

10 C 7725, 2011 WL 2311869, **1-5 (N.D. Ill. June 13, 2011) (ordering defendant in TCPA case to respond to discovery requests seeking, among other things, identification or all persons to whom the defendant made telephone calls without prior express consent); *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500, 503-06 (N.D. Ill. 2009) (ordering defendant in TCPA class action to respond to discovery requests concerning, among other things, consent obtained from proposed class members during the class period, efforts of the defendant to comply with the TCPA, four years' worth of telephone bills, and all contracts with third parties relating to telephony and telephoning debtors to collect debts.).[5]

Defendants in this action have made precisely the same argument the *Whiteamire* court rejected, objecting "to Plaintiff's attempt to obtain telephone records concerning *other* fax advertisements . . . ," while at the same time implicitly asserting that no class should be certified in this case.   (Defendants' October 24, 2013 pre-motion letter (docket no. 21), p. 1 (emphasis in original)).  This Court should reject that same argument here, and follow *Whiteamire* and the litany of additional precedent recognizing that Plaintiff has a broad right to conduct class-wide discovery in a TCPA class action.[6]

---

[5] *See also Kazemi v. Payless Shoesource, Inc.*, No. C 09-5142 MHP, 2010 WL 963225, **2, 3 (N.D. Cal. Mar. 16, 2010) (denying motion to dismiss TCPA class action on the pleadings before discovery and class certification motion); *Bell v. Money Resource Corp.*, No. 08-639, 2009 WL 382478, *3 (E.D. Pa. Feb. 13, 2009) (same).

[6] Indeed, Defendants' effort to constrict discovery in this case is akin to making a pre-discovery, pre-class-certification motion to strike the proposed classes.  The courts routinely deny such motions except in rare circumstances in which the complaint itself effectively admits that the classes cannot be certified.  *E.g., Parker v. Time Warner, supra*, 331 F.3d at 20-22 (vacating denial of class certification on pleadings because district court had deprived plaintiffs of opportunity to conduct class discovery and make motion for class certification); *Landsman & Funk, P.C. v. Skinder-Strauss Associates, supra*, 640 F.3d 72, 93-94 & n.30 (refusing to dismiss TCPA class allegations prior to discovery and a motion for class certification because, among other things, "th[e] case [was] not among the rare few where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.").  That is clearly not the case

Finally on this point, numerous courts have underscored that it is critical that a plaintiff in a class action be permitted to conduct class-wide discovery *before* the court decides any class certification motion, and have ruled that a court's refusal to allow such discovery constitutes an abuse of discretion.  *E.g., Parker v. Time Warner Entertainment Co., L.P.*, 331 F.3d 13, 20-22 (2[d] Cir. 2003) (vacating denial of class certification on the pleadings because district court had not given plaintiffs opportunity to conduct class discovery or make a motion for class certification); *Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2[d] Cir. 1978) (reversing district court's ruling on class certification because the district court did not allow for sufficient discovery).  Indeed, the Second Circuit has long held that "a district court [should] view a class action liberally in the early stages of litigation, since the class can always be modified or subdivided as issues are refined for trial."  *Woe by Woe v. Cuomo*, 729 F.2d 96, 107 (2[d] Cir.), *cert. denied*, 469 U.S. 936 (1984).  Accordingly, there is every reason to permit Plaintiff to proceed with the discovery it seeks now, before this Court decides Plaintiff's class certification motion, and to reject Defendants' transparent effort to try to deprive Plaintiff of evidence relevant to that motion.

## II.   DEFENDANTS' ALTERNATIVE ARGUMENTS FOR REFUSING TO PROVIDE CLASS DISCOVERY ARE PREMISED ON SPECIOUS CHARACTERIZATIONS OF PLEADING MATTERS

Defendants have made several other specious assertions in their effort to avoid providing Plaintiff with the discovery to which Plaintiff is entitled.  First, Defendants have repeatedly asserted that "this case concerns a *single* alleged unsolicited fax advertisement . . . ."  (Docket No. 21, p. 1).  No matter how many times Defendants make that assertion, it is flatly contradicted

---

here, as Plaintiff's Complaint supports, rather than defeats, maintaining a class action on behalf all recipients of Defendants' fax ads that contained opt-out notices like the notice on the fax ad that Plaintiff received, and on behalf of all recipients of such fax ads sent on an unsolicited basis.

by the allegations in paragraphs 16 and 17 of Plaintiff's Complaint, which allege that Defendants have "sent or arranged to be sent well over five thousand (5,000) . . . fax advertisements . . ." with defective opt-out notices.  (Bellin Decl., Exh. A), ¶¶ 16, 17; *see also* ¶¶ 2, 18, 21, 35, 39, 43, 46).

In a similar vein, Defendants complain that "the November 15, 2012 fax advertisement is the only specific facsimile identified in the Complaint or attached to the Complaint," and that "[c]onspicuously absent from this conclusory assertion is any specific allegation concerning any faxes other than the one specifically identified and attached to the Complaint."  (Docket No. 21, pp. 1, 2).  These assertions take Defendants nowhere because they presume that some kind of particularity requirement applies to the pleading of TCPA claims (and somehow affect Defendants' discovery obligations).  As Defendants well know, no such pleading requirement exists.

Defendants further try to characterize Plaintiff's discovery as an effort to "use discovery to determine whether there is a cause of action."  (Docket no. 21, p. 2).  Plainly, that is not the case with respect to Plaintiff's causes of action pertaining to the fax ad that Plaintiff itself received, which Plaintiff has explicitly alleged lacks a compliant opt-out notice, and was unsolicited.  (Bellin Decl., Exh. A, ¶¶ 13, 14, 11).  Moreover, Defendants have since acknowledged, as part of their December 17, 2013 Rule 26(a) disclosures, that on the single November 15, 2012 date when they sent Plaintiff the fax ad attached to Plaintiff's Complaint, they successfully sent out at least 17,710 apparently identical fax ads to Plaintiff and others.  (Bellin Decl., Exh. E).  Accordingly, there can be no doubt that Plaintiff already has pleaded causes of action with respect to itself and 17,000-plus additional class members.  Further, based partly on the content of Defendants' fax ad – which is broadly targeted at higher education

institutions throughout the United States[7] – and based partly on information and belief, Plaintiff has alleged causes of action on behalf of almost 5,000 additional fax ad recipients.  (Bellin Decl., Exh. A, ¶¶ 16, 17 & exh. A thereto).  Such a scenario is hardly a situation in which Plaintiff is seeking discovery to determine whether it has any cause of action in the first place.

Finally, contrary to Defendants' sweeping assertion that "well-settled pleading and standing rules" support their position, "[t]he deposition-discovery regime set out by the Federal Rules of Civil Procedure is an extremely permissive one to which courts have long accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal courts need not be carried on in the dark."  *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2[d] Cir. 2003) (quotation marks and brackets omitted); *see also Ambrose v. City of New York*, 623 F. Supp.2d 454, 465 (S.D.N.Y. 2009) (Karas, J.) (discussing "liberal discovery rules").  Defendants are attempting to evade those liberally construed discovery rules as well as the specific law authorizing Plaintiff to obtain class-wide discovery at this juncture.

---

[7] The fax ad Defendants sent to Plaintiff touts Defendants' service as being "successfully used in more than 1,500 districts nationwide, with over 1 million subscriptions sold."  (Bellin Decl., Exh. A, exh. A thereto).

## **CONCLUSION**

For all the foregoing reasons, this Court should permit Plaintiff to proceed with discovery concerning *all* of Defendants' fax advertisements described in Plaintiff's Complaint.  To that end, this Court should also specifically order Defendants and Westfax to respond promptly and fully to the discovery that Plaintiff has previously propounded to them (Bellin Decl., Exhs. B & C), and to any other discovery that is relevant to, or reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's and the three proposed classes' Claims, Defendant's Defenses, and Plaintiff's and the proposed classes' class certification motion.

Dated: White Plains, New York
        January 24, 2014

                                    Respectfully submitted,

                                    BELLIN & ASSOCIATES LLC
                                    By:  ____/s/Aytan Y. Bellin_____
                                         Aytan Y. Bellin
                                    85 Miles Avenue
                                    White Plains, New York 10606
                                    Tel: (914) 358-5345
                                    Fax: (212) 571-0284
                                    Email: aytan.bellin@bellinlaw.com

                                    Roger Furman, Esq.
                                    7845 Henefer Avenue
                                    Los Angeles, California 90045
                                    Tel.: (310) 568-0640
                                    Fax: (310) 694-9083
                                    Email:  roger.furman@yahoo.com

                                    *Attorneys for Plaintiff and the*
                                    *Proposed Classes*