UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BAIS YAAKOV OF SPRING VALLEY, on behalf of itself and all other similarly situated,

                Plaintiff,

- against -

HOUGHTON MIFFLIN HARCOURT PUBLISHERS, INC., HOUGHTON MIFFLIN PUBLISHING COMPANY, EDUCATIONAL TESTING SERVICE and LAUREL KACZOR,

                Defendants.

No. 7:13-cv-4577 (KMK) (LMS)

ECF CASE

---

**DEFENDANT EDUCATIONAL TESTING SERVICE'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DEPOSIT PAYMENT, ENTER JUDGMENT AND
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

NAI-1500880282

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................... 1

ARGUMENT ....................................................................................................................................... 6

I.    ETS SHOULD BE AUTHORIZED TO DEPOSIT ITS PAYMENT TO PLAINTIFF WITH THE COURT ................................................................................. 6

II.    JUDGMENT SHOULD BE ENTERED IN BAIS YAAKOV'S FAVOR ON THE TERMS TO WHICH ETS HAS AGREED. ................................................... 6

III.    THIS CASE SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION. .............................................................................................. 10

CONCLUSION .................................................................................................................................. 13

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Alvarez v. Smith*,
    558 U.S. 87 (2009) ...........................................................................................................12

*Bank v. Caribbean Cruise Line, Inc.*,
    606 F. App'x 30 (2d Cir. July 10, 2015) (summary order)........................................................7

*Barr v. Galvin*,
    626 F.3d 99 (1st Cir. 2010) ................................................................................................7

*Brady v. Int'l Bhd. of Teamsters, Theatrical Drivers & Helpers Local 187*,
    741 F.3d 387 (2d Cir. 2014)...............................................................................................10

*Cabala v. Crowley*,
    736 F.3d 226 (2d Cir. 2013)................................................................................................7

*California v. San Pablo & T.R. Co.*,
    149 U.S. 308 (1893) .........................................................................................................12

*Campbell-Ewald Co. v. Gomez*,
    577 U.S. ___, 136 S. Ct. 663 (2016)..............................................................................4, 5, 8, 10

*Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*,
    433 F.3d 181 (2d Cir. 2005)...............................................................................................11

*Chathas v. Local 134 IBEW*,
    233 F.3d 508 (7th Cir. 2000) .............................................................................................11

*Cortes & Co. Fin. Serv., Inc. v. A.G. Edwards & Sons, Inc.*,
    502 F.3d 91 (2d Cir. 2007) .................................................................................................2

*Doyle v. Midland Credit Mgmt., Inc.*,
    722 F.3d 78 (2d Cir. 2013).................................................................................................10

*Flast v. Cohen*,
    392 U.S. 83 (1968)............................................................................................................11

*Franco v. Allied Interstate LLC*,
    No. 13-cv-4053 (KBF), 2015 WL 7758534 (S.D.N.Y. Nov. 30, 2015) ..................................7

*Goldberger v. Bear, Stearns & Co., Inc.*,
    No 98-cv-8677, 2000 WL 1886605 (S.D.N.Y. Dec. 28, 2000) ............................................1

*Hepler v. Abercrombie & Fitch Co.*,
  607 F. App'x 91 (2d Cir. June 22, 2015) ................................................................. *passim*

*Iron Arrow Honor Soc. v. Heckler*,
  464 U.S. 67 (1983) ............................................................................................................10

*Kaufman v. Chase Manhattan Bank, Nat'l Ass'n*,
  370 F. Supp. 276 (S.D.N.Y. 1973) ......................................................................................6

*Kontrick v. Ryan*,
  540 U.S. 443 (2004) .........................................................................................................11

*Leyse v. Lifetime Ent. Servs., LLC*,
  No. 1:13-cv-05794 (AKH), Dkt. No. 128 (S.D.N.Y. Mar. 7, 2016) .................................. 8-9

*Maximo v. 140 Green Laundromat*,
  No. 14-cv-6948 (KPF), 2015 WL 4095248 (S.D.N.Y. July 7, 2015) .....................................7

*McCauley v. Trans Union L.L.C.*,
  402 F.3d 340 (2d Cir. 2005) ....................................................................................... 7-8, 11

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*,
  549 U.S. 422 (2007) .........................................................................................................12

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ...........................................................................................................12

*Tanasi v. New Alliance Bank*,
  786 F.3d 195 (2d Cir. 2015) ..............................................................................................11

**STATUTES**

47 U.S.C. § 227(b)(3) ................................................................................................................9

Fed. R. Civ. P. 12 ....................................................................................................................12

N.Y. Gen. Bus. L. 396-aa(3) .....................................................................................................9

Defendant Educational Testing Service ("ETS") submits this memorandum of law in support of its Motion to Deposit Payment, Enter Judgment and Dismiss for Lack of Subject Matter Jurisdiction.

## INTRODUCTION

ETS respectfully submits that the time has come to put a halt to this litigation. It is built only upon a foundation of tactical maneuvers by plaintiff Bais Yaakov of Spring Valley ("Bais Yaakov"). At bottom, there is no justiciable case or controversy. As described more completely below, ETS has delivered to Bais Yaakov a cashier's check – an irrevocable form of payment – for $10,000. That is every single dollar Bais Yaakov could receive on its claim and more. ETS has covenanted not to send facsimiles that violate the TCPA. That is exactly the injunctive relief Bais Yaakov asked for in its complaint. Therefore, Bais Yaakov has no justiciable claim, the Court lacks subject matter jurisdiction, and ETS has every right to see this action dismissed.

Bais Yaakov, however, sent back the payment and refused the injunction, all to preserve its position as essentially a crusader that wants to bring class action claims on behalf of others when it has no claim of its own. That goal, of course, is meritless. As we have argued more extensively in ETS' recently-filed opposition to Bais Yaakov's placeholder class certification motion,[1] it is a bedrock principle of law that, to proceed as a class representative, a plaintiff must have a valid claim of its own. *Goldberger v. Bear, Stearns & Co., Inc.*, No 98-cv-8677, 2000 WL 1886605, at *1 (S.D.N.Y. Dec. 28, 2000) ("In order to maintain a class action, [p]laintiffs must first establish that they have a valid claim . . . If the named plaintiffs have no cause of action in their own right, their complaint must be dismissed, even though the facts set forth in the

---

[1] *See* Defendant Educational Testing Service's Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification, filed February 29, 2016 (Dkt. No. 118).

complaint may show that others might have a valid claim."); *see Cortes & Co. Fin. Serv., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007) ("To have standing to sue as a class representative it is essential that a plaintiff . . . be a part of the class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents." (citations omitted)).

The fact is that ETS never belonged in this case in the first place. Its late addition to this case was just another step in Bais Yaakov's campaign to prop up an action that, essentially, had collapsed. This case was pending for nearly two years before plaintiff even decided to bring ETS into it, and then only when its original case against another defendant was on its last legs. Bais Yaakov originally sued Houghton Mifflin Harcourt Publishers, Inc. and Laurel Kaczor in 2013 for alleged violations of the Telephone Consumer Protection Act ("TCPA") and New York General Business Law ("GBL") related to a single, one-page facsimile that HMH[2] sent on November 15, 2012. The single facsimile HMH sent invited recipients to contact HMH to request more information about *Criterion*, a service developed by ETS, but for which HMH owns exclusive distribution rights in the market applicable to Bais Yaakov.

Bais Yaakov alleges that HMH's facsimile lacked certain statutorily-required language, thereby violating the TCPA and GBL. Bais Yaakov purports to sue on behalf of a putative class of other recipients of the facsimile. Bais Yaakov speculates, solely on unspecified "information and belief," that there may have been other faxes. It has never identified any other faxes in the three complaints it has filed to this point. Nonetheless, Bais Yaakov also purports to represent classes of recipients of these phantom facsimiles. Bais Yaakov does not claim to have suffered

---

[2] Bais Yaakov later added Houghton Mifflin Harcourt Publishing Company as a defendant (Houghton Mifflin Harcourt Publishers, Inc., Laurel Kaczor and Houghton Mifflin Harcourt Publishing Company are collectively referred to as "HMH").

any actual damages. It seeks only statutory damages under the TCPA and the GBL. (Second Amended Complaint ¶¶ 38-39, 42-43 (TCPA), 49 (GBL), Request for Relief ¶¶ B, C and E (Dkt. No. 79), annexed as Exhibit 1 to the Declaration of Andrew S. Kleinfeld in Support of Educational Testing Service's Motion to Deposit Payment, Enter Judgment and Dismiss for Lack of Subject Matter Jurisdiction, dated March 18, 2016 ("Kleinfeld Decl.").)

The Second Amended Complaint, filed August 5, 2015, added ETS, whose logo appears on the fax HMH sent, as a defendant. (Kleinfeld Decl. Ex. 1.)[3] On October 7, 2015, Bais Yaakov agreed to the dismissal of its claims against HMH after the Court compelled arbitration between Bais Yaakov and HMH. This left only ETS, Bais Yaakov's last minute addition to this case, in the action as a defendant, although ETS did not send the allegedly offending facsimile.

On September 25, 2015, to avoid the costs and burdens of Bais Yaakov's belated decision to drag it into this lawsuit about HMH's fax, ETS served a Rule 68 Offer of Judgment on Bais Yaakov, offering judgment in the amount of $10,000 plus an injunction barring ETS from committing future violations of the TCPA and any applicable regulations thereunder. (Kleinfeld Decl. ¶ 4; *id.* Ex. 2.) ETS also tendered its offer in a letter to Bais Yaakov's counsel that same day. (Kleinfeld Decl., ¶ 5; *id.* Ex. 3.) ETS' offer of judgment thus provided complete relief as to all of Bais Yaakov's claims asserted in the Second Amended Complaint, including all of its requests for monetary and injunctive relief.

On October 14, 2015, Bais Yaakov rejected the offer and declined to state whether there is anything missing in the offer that would be necessary to provide complete relief to Bais Yaakov. (Kleinfeld Decl. ¶ 7; *id.* Ex. 5.) On November 13, 2015, this case was stayed pending

---

[3] On that same day, before ETS had even been served with the Second Amended Complaint, Bais Yaakov filed a motion for class certification. (Dkt Nos. 81-86.) The class certification motion was, obviously, a tactical placeholder. Indeed, in the same motion, Bais Yaakov *itself* moved to stay most of its own motion. (Dkt No. 81.) No class has been certified.

the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, No. 14-587, 135 S. Ct. 2311 (2015), which was anticipated to have an impact on the effect of the rejected offer of judgment on the jurisdiction of the Court to hear Bais Yaakov's claims.  (Dkt. No. 101.)  On January 20, 2016, the Supreme Court reached its decision, 577 U.S. ___, 136 S. Ct. 663 ("*Campbell-Ewald*"), and on January 26, 2016, the stay was lifted in this action.  (*See* Dkt. No. 104 (renewing Bais Yaakov's Motion for Class Certification and for a Stay of a Portion of that Motion).)

The Court's decision in *Campbell-Ewald* was extremely narrow.  The Court held only that an unaccepted offer of judgment is, standing alone, insufficient to render a plaintiff's claims moot.  In fact, the Court emphasized the limits of its holding, stating:

> [This] ruling suffices to decide this case.  We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount.  That question is appropriately reserved for a case in which it is not a hypothetical.

*Campbell-Ewald*, 136 S. Ct. at 672 (2016).  In a concurring opinion, Justice Thomas agreed that while a mere offer to pay a plaintiff's claim, with no "further steps," did not deprive a court of jurisdiction, at common law a defendant can render a claim moot by providing a "tender" that is "accompanied by 'actually produc[ing]' the sum 'at the time of tender' in an 'unconditional' manner."  *Id.* at 675-76 (internal citation omitted).  In dissent, Chief Justice Roberts (joined by Justices Scalia and Alito) noted that the majority's decision was "limited to its facts."  As Chief Justice Roberts put it:

> The majority holds that an *offer* of complete relief is insufficient to moot a case.  The majority does not say that *payment* of complete relief leads to the same result.  For aught that appears, the majority's analysis may have come out differently if Campbell had deposited the offered funds with the District Court.

*Id.* at 683.  Similarly, Justice Alito observed that the Court's decision "does not prevent a defendant who actually pays complete relief – either directly or to a trusted intermediary – from seeking dismissal on mootness grounds."  *Id.* at 685.

Immediately after *Campbell-Ewald* was decided, ETS took the steps suggested by the Supreme Court to satisfy Bais Yaakov's claims and end this burdensome litigation about someone else's fax.  On January 27, 2016, ETS hand-delivered to Bais Yaakov's counsel a cashier's check in the amount of $10,000, payable to Bais Yaakov.  (Kleinfeld Decl. ¶ 8; *id.* Ex. 6.)  ETS also informed Bais Yaakov that it agreed to the entry of an injunction barring ETS from committing future violations of the TCPA and any applicable regulations thereunder, and it covenanted not to do so.  (Kleinfeld Decl. ¶ 8; *id.* Ex. 6.)  This tender provided Bais Yaakov with all of the relief it would be entitled to recover in this action, in total satisfaction of all of its claims.  Nonetheless, Bais Yaakov's counsel immediately returned the check and rejected the complete relief ETS tendered.  (Kleinfeld Decl. ¶ 9; *id.* Ex. 7.)  When he did so, counsel did not assert that the amount was insufficient or conditional.  Nor did he complain that the injunction was not broad enough to cover his client's claim.  Instead, he rejected ETS' payment solely on the grounds that ETS was "try[ing] to moot out this case."  *Id.*

ETS now moves (i) for an order allowing it to deposit $10,000 with the Court for the benefit of Bais Yaakov; (ii) to enter judgment in favor of Bais Yaakov in the amount of $10,000 (inclusive of recoverable costs) plus an injunction barring ETS from committing future violations of the TCPA and any applicable regulations thereunder; and (iii) to dismiss this action for lack of subject matter jurisdiction, because there is no longer a case or controversy.

# ARGUMENT

## I. ETS SHOULD BE AUTHORIZED TO DEPOSIT ITS PAYMENT TO PLAINTIFF WITH THE COURT.

The only thing standing between Bais Yaakov and complete relief is its strategic refusal to take "yes" for an answer. The payment to Bais Yaakov via cashier's check was made in an irrevocable form. *See Kaufman v. Chase Manhattan Bank, Nat'l Ass'n*, 370 F. Supp. 276, 278 (S.D.N.Y. 1973) (holding that once a cashier's check has been issued and delivered to the payee, "the transaction is complete so far as the payee is concerned" and the payee has an unconditional right of payment.). Therefore, the Court should allow, pursuant to Rule 67, ETS to pay into court the $10,000 it delivered to Bais Yaakov that its counsel rejected purely for tactical reasons. The check constituted more than full payment of every dollar Bais Yaakov could possibly recover in this action.

## II. JUDGMENT SHOULD BE ENTERED IN BAIS YAAKOV'S FAVOR ON THE TERMS TO WHICH ETS HAS AGREED.

The Court should also enter judgment in favor of Bais Yaakov for $10,000 and an injunction barring ETS from committing future violations of the TCPA and any applicable regulations thereunder against Bais Yaakov. In precedent left completely undisturbed by the Supreme Court's decision in *Campbell-Ewald*, the Second Circuit has held that, while an unaccepted offer of judgment, standing alone, is insufficient to render a claim moot, a plaintiff may not strategically refuse payment to prop up an otherwise satisfied claim. The Second Circuit explained in *Hepler v. Abercrombie & Fitch Co.*, that "[j]ust as a defendant may end [a] litigation by allowing default judgment, a defendant may *always* end the litigation by offering judgment for all the relief that is sought." 607 F. App'x 91, 92 (2d Cir. June 22, 2015) (summary order) ("*Hepler*") (emphasis added).

As the Circuit has held, if a plaintiff tries to keep an otherwise dead claim alive by refusing relief, the next step is the entry of the judgment the defendant has said it is willing to suffer.[4]  Specifically, the Second Circuit has held that, the "typically proper disposition" where an offer of judgment providing complete relief has not been accepted "is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with that offer."  *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013) ("*Cabala*") (citing *McCauley v. Trans Union L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005) ("*McCauley*")).  This does not require the plaintiff's agreement to accept what it sued for.  When an offer of judgment "tenders *complete* relief [to a plaintiff], the court should (absent additional procedural complications) enter judgment pursuant to the terms of that offer, *with or without the plaintiff's consent*."  *Hepler*, 607 F. App'x at 92 (second emphasis added) (following *McCauley* and *Cabala*); *see Bank v. Caribbean Cruise Line, Inc.*, 606 F. App'x 30, 31 (2d Cir. July 10, 2015) (summary order) (following *McCauley* and *Cabala* and affirming the entry of judgment entailing complete relief sought by the plaintiff); *see also Franco v. Allied Interstate LLC*, No. 13-cv-4053 (KBF), 2015 WL 7758534, at *3 (S.D.N.Y. Nov. 30, 2015) (entering judgment even where "parties disagree[d] as to whether judgment should be entered" because the offer of judgment "provide[d] plaintiff complete satisfaction of the relief he s[ought] in his Complaint") (citing *Hepler*); *Maximo v. 140 Green Laundromat*, No. 14-cv-6948 (KPF), 2015 WL 4095248, at *3 (S.D.N.Y. July 7, 2015) (granting motion to enter judgment where the offer of judgment provided complete relief).[5]

---

[4] It is, of course, settled law that a litigant cannot confer subject matter jurisdiction where it does not otherwise exist.  "Litigants cannot confer jurisdiction over a moot case by acquiescence or consent."  *Barr v. Galvin*, 626 F.3d 99, 104 (1st Cir. 2010).

[5] The fact that the offer, and the judgment, does not include an admission of liability does not mean it provides less than complete relief.  In *McCauley*, the Second Circuit held that the plaintiff "was not entitled to keep

We expect that, as it has in pre-motion proceedings, Bais Yaakov will argue that a judgment concerning its satisfied claims should not be entered here because, in *Campbell-Ewald*, the Court said "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that class certification is warranted." 136 S. Ct. at 672. That argument, however, falls under its own weight. Under the binding authority cited above—left wholly undisturbed by *Campbell-Ewald*—Bais Yaakov no longer has a "live claim of [its] own." Indeed, on facts identical to those at issue here, another court in the Southern District of New York has now come to precisely that conclusion, holding that (i) a TCPA plaintiff purporting to represent a class could not keep a claim alive by rejecting compete relief; and (ii) *Campbell-Ewald* did not change the law in the Second Circuit that mandates the entry of judgment in those circumstances. *Leyse v. Lifetime Ent., Servs. LLC*, No. 1:13-cv-05794 (AKH), Dkt. No. 128 (S.D.N.Y. Mar. 17, 2016) ("*Leyse*") (Kleinfeld Decl. Ex. 8).

In *Leyse*, defendant offered judgment in the full amount plaintiff could recover and agreed to the injunction plaintiff sought in his complaint, but plaintiff rejected it. *Leyse*, slip op. at 3. The court held that "once the defendant has furnished full relief, there is no basis for the plaintiff to object to the entry of judgment in its favor." *Id.* In particular, the court held that "a defendant's deposit of a full settlement with the court, and consent to entry of judgment against it, will eliminate the live controversy before a court." *Id.* at 4 (citing *Tanasi v. New Alliance Bank*, 786 F.3d 195, 200 (2d Cir. 2015) ("*Tanasi*")). Consequently, the court determined it

---

(continued…)

litigating his claim under such circumstances." 402 F.3d at 342. The court stated that "[i]t is clear that [the defendant's] unwillingness to admit liability is insufficient, standing alone, to make this case a live controversy." *Id.* at 341. The Court reasoned that "a party cannot force his opponent to confess to having violated the law, as it is always open to a defendant to default and suffer judgment to be entered against him without his admitting anything." *Id.* (internal citation omitted). Thus, the defendant is entitled to give a plaintiff complete relief with "no preclusive effect in other litigation." *Id.* at 342.

would enter judgment in plaintiff's favor and close the case, once the tendered amount was deposited with the court. *Id.*

The same result is warranted here. ETS having offered Bais Yaakov complete relief, tendered full payment, and agreed to the injunction plaintiff asked for in its complaint, judgment *must* be entered pursuant to the terms of the offer of judgment "with or without the plaintiff's consent." *Hepler*, 607 F. App'x at 92. The law of the Second Circuit simply does not permit a plaintiff to do what Bais Yaakov wants to do here: Refuse complete relief solely for the strategic purpose of arguing its fully satisfied claim is somehow still alive, all so it can continue as a purported class representative.

There can be no legitimate dispute that the payment ETS has both offered and made, and the injunctive relief to which it has agreed, is everything Bais Yaakov could recover ever in this case. There is no part of Bais Yaakov's claim left to be tried. The Second Amended Complaint is based on alleged violations of the TCPA based on a single facsimile. The maximum statutory penalties based on a TCPA violation, were it to be determined that the violation was willful, are $1,500 per violation. 47 U.S.C. § 227(b)(3). Bais Yaakov seeks damages in that amount. (Second Am. Compl., Request for Relief ¶¶ B, C.) The maximum statutory penalties based on a GBL violation are $100 per violation. N.Y. Gen. Bus. L. 396-aa(3). Bais Yaakov seeks damages in that amount. (Second Am. Compl., Request for Relief ¶ E.) Thus, ETS' tender of $10,000 is far greater than the monetary relief sought by Bais Yaakov.

Bais Yaakov also seeks "an injunction against Defendants prohibiting them from committing further violations of the TCPA and regulations described above[.]" (Second Am. Compl., Request for Relief ¶ D.) ETS' offer of judgment and its subsequent tender of $10,000 and covenant not to commit future violations of the TCPA and any applicable regulations

thereunder, although strategically rejected by Bais Yaakov, provides each and every element of the relief it seeks in this action.[6] (Kleinfeld Decl. Exs. 2 and 6.) Thus, judgment consistent with those terms should be entered in favor of Bais Yaakov, with or without Bais Yaakov's consent. *See Hepler*, 607 F. App'x at 92.

### III. THIS CASE SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

Upon entry of the judgment, the court will lack subject matter jurisdiction and the case should be dismissed. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Brady v. Int'l Bhd. of Teamsters, Theatrical Drivers & Helpers Local 187*, 741 F.3d 387, 389 (2d Cir. 2014). "Under Article III of the U.S. Constitution, when a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (internal quotations and citations omitted). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc. v. Heckler*, 464 U.S. 67, 70 (1983). Once the case is moot, it should be dismissed and not otherwise decided upon. *Id.* at 72-73.

The entry of judgment of complete relief sought by Bais Yaakov moots any Article III case or controversy Bais Yaakov could assert. *See Hepler*, 607 F. App'x at 92 ("It is the entry of *judgment* pursuant to that offer [of complete relief] that 'moots' the case.") (citing *Tanasi*, 786 F.3d at 200 and *McCauley*, 402 F.2d at 342). Hence, this case should be dismissed for lack of subject matter jurisdiction. In the Second Circuit and elsewhere, "[i]t is well established that

---

[6] An irrevocable covenant such as the injunctive covenant ETS has agreed to here, even though unilateral, "afford[s] [the recipient of the covenant] blanket protection" such that it can moot a claim for relief. *See Campbell-Ewald*, 136 S. Ct. at 671 n. 5 (citing *Already, LLC v. Nike, Inc.*, 568 U. S. ___, 133 S. Ct. 721 (2013)).

[t]he Case or Controversy Clause of Article III, Section 2 of the United States Constitution limits the subject matter jurisdiction of the federal courts such that the parties must continue to have a personal stake in the outcome of the lawsuit." *Tanasi*, 786 F.3d at 198 (internal quotations and citations omitted).  This "personal stake in the outcome of the controversy" is necessary "'to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends.'" *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

To the extent Bais Yaakov argues that it is entitled not only to every dollar it could recover and to the full injunction it seeks in its Second Amended Complaint, but also to a finding of liability, that is insufficient to support the personal stake Article III requires for subject matter jurisdiction.  It is settled that a plaintiff is not entitled to "pursue litigation in which he no longer has an interest merely because this could benefit others."  *McCauley*, 402 F.3d at 341 (quoting *Abrams v. Interco, Inc.*, 719 F.2d 23, 33 n.9 (2d Cir. 1983)); *see also Chathas v. Local 134 IBEW*, 233 F.3d 508, 512 (7th Cir. 2000) ("[I]f the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment.  The absence of a controversy in the constitutional sense precludes the court from issuing an opinion on whether the defendant actually violated the law.").  Article III requires that a court be able to grant effectual relief to a party, not make a finding of liability.  "A case becomes moot [pursuant to Article III's Case or Controversy Clause] . . . when it is impossible for a court to grant any effectual *relief* whatever to the prevailing party." *Tanasi*, 786 F.3d at 199 (quoting *Knox v. Serv.*

*Emps. Int'l Union, Local 1000*, 567 U.S. ___, 132 S. Ct. 2277, 2287 (2012)) (internal quotations omitted) (emphasis added).[7]

ETS respectfully requests that the Court decide the issue of subject matter jurisdiction prior to deciding ETS' pending Rule 12(b)(6) motion and Bais Yaakov's pending class certification motion. It is settled that "*[w]henever* it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (emphasis added); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As the Second Circuit has stated, "[j]urisdictional questions . . . should be addressed in the first instance by the District Court." *Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 203 (2d Cir. 2005). This is because a "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). "[T]he first and fundamental question is that of jurisdiction" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (internal quotations and citations omitted).

---

[7] A finding of legal liability is not relief to which an otherwise satisfied plaintiff is entitled. *See e.g.*, *California v. San Pablo & T.R. Co.*, 149 U.S. 308, 314 (1893) (Defendant's full payment to state mooted controversy and "the court [was] not empowered to decide moot questions on abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it."); *Alvarez v. Smith*, 558 U.S. 87, 93 (2009) (unilateral return of seized vehicles and money mooted the case and, although plaintiffs desired to "continue to dispute the lawfulness of the State's hearing procedures" the "dispute [was] no longer embedded in any actual controversy about the plaintiff's particular legal rights[.]")

## CONCLUSION

For the foregoing reasons, ETS respectfully requests that the Court grant the Motion to Deposit Payment, Enter Judgment and Dismiss for Lack of Subject Matter Jurisdiction.

Dated: New York, New York
      March 18, 2016

Respectfully submitted,

JONES DAY

*/s/ Robert W. Gaffey*
Robert W. Gaffey
Andrew S. Kleinfeld
222 East 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939
Facsimile:  (212) 755-7306
rwgaffey@jonesday.com
askleinfeld@jonesday.com

J. Todd Kennard (*pro hac vice* application pending)
Brandy Hutton Ranjan (*pro hac vice* application pending)
325 John H. McConnell Blvd, Suite 600
Columbus, Ohio 43216
Telephone:  (614) 281-3939
Facsimile:   (614) 461-4198
jtkennard@jonesday.com
branjan@jonesday.com

*Attorneys for Defendant*
*Educational Testing Service*

## **CERTIFICATE OF SERVICE**

I certify that on March 18, 2016, the foregoing DEFENDANT EDUCATIONAL TESTING SERVICE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DEPOSIT PAYMENT, ENTER JUDGMENT AND DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, dated March 18, 2016, will be served simultaneously with filing by the Court's Electronic Case Filing system upon the following:

Aytan Y. Bellin
BELLIN & ASSOCIATES LLC
85 Miles Avenue
White Plains, New York  10606
Telephone: (914) 358-5345
Facsimile:  (212) 571-0284
aytan.bellin@bellinlaw.com

Roger Furman
7485 Henefer Avenue
Los Angeles, CA 90045
Telephone:(310) 568-0640
Facsimile: (310) 694-9083
roger.furman@yahoo.com

*Attorneys for Plaintiff,*
*Bais Yaakov of Spring Valley*

Dated:  New York, New York
        March 18, 2016

/s/ Andrew S. Kleinfeld
Andrew S. Kleinfeld